UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER LEIGH HOLLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　　Defendant. | No.  2:14-cv-0233 DAD<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on defendant's motion to alter or amend the judgment pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, ("Rule").[1]

A district court may alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  However, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).  The Ninth Circuit has explained

/////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c).  (See Dkt. Nos. 10 & 11.)

> There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to 'prevent manifest injustice;" or 4) there is an "intervening change in controlling law."

Turner v. Burlington Northern Santa Fe Railroad Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting McDowell v. Calderon, 197 F.3d 1253, 1254 n. 1 (9th Cir. 1999)).  A motion to amend judgment under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n. 5 (2008) (quoting 11 C. Wright & A Miller, Federal Practice and Procedure § 2810.1, pp. 127-28 (2d ed. 1995)).

Here, the defendant asserts that she seeks to alter or amend the court's order filed August 28, 2015 to "correct manifest errors of law or fact upon which the judgment is based, and to prevent manifest injustice." (Def.'s MTA (Dkt. No. 19) at 2.[2])  Specifically, defendant argues that "[e]ven if this Court found error in the ALJ's evaluation of the medical evidence and Plaintiff's credibility, under the Social Security Act, Supreme Court precedent, and Ninth Circuit law, remand for payment of benefits is an error of law."[3]  (Id.)  In this regard, defendant argues that this matter should have been remanded from further administrative proceedings.  (Id. at 11.)

That argument, however, is the same argument defendant raised in her September 17, 2014 cross-motion for summary judgment, which this court denied.  Therein, defendant argued that, should the court find that the ALJ committed a "reversible legal error," the "proper remedy is a remand for further administrative proceedings."  (Def.'s MSJ (Dkt. No. 16) at 15.)  As noted above, "Rule 59(e) may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  U.S. Fidelity & Guar. Co. v. Lee Investments LLC, 551 F. Supp.2d 1069, 1080-81 (E.D. Cal. 2008).  See also Milano v.

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] The "Commissioner has chosen to limit this motion to the remedy . . . ."  (Def.'s MTA (Dkt. No. 19) at 2.)

Carter, 599 Fed. Appx. 767, 768 (9th Cir. 2015) ("The district court did not abuse its discretion in denying Milano's motion for reconsideration because Milano did not present newly discovered evidence, show that the district court committed clear error, or identify an intervening change in controlling law. Instead, Milano simply rehashed her previously-rejected arguments.").[4]

Moreover, for the same reasons noted in the court's August 28, 2015 order, the Commissioner's argument is misplaced. A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020. Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021.

Here, the court's August 28, 2015 order found that the record had been fully developed, that the ALJ failed to provide a legally sufficient reason for rejecting plaintiff's own testimony and for rejecting the medical opinion offered by plaintiff's treating neurologist, Dr. Chan. Moreover, the court also found that if the plaintiff's testimony and the medical opinion offered by Dr. Chan were properly credited, the ALJ would be required to find plaintiff disabled on remand.

In this regard, as noted in the August 28, 2015 order, it was the opinion of plaintiff's treating neurologist that she would be absent from work, on average, three or four times per month. (Tr. at 32.) When asked at the August 22, 2012 administrative hearing a hypothetical that included that limitation the Vocational Expert testified that such a limitation "would eliminate all jobs in the national economy." (Id. at 55.)

/////

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Accordingly, the court finds, again, that all the conditions for the "credit-as- true" rule have been met, there is not serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act and, therefore, it was appropriate to remand this matter with the direction to award benefits. See Mendoza v. Colvin, ___ Fed. Appx. ___, ___, 2015 WL 6437337, at *2 (9th Cir. Oct. 23, 2015) (remanding for award of benefits where ALJ failed to provide legally sufficient reason for rejecting medical opinion, as well as plaintiff's testimony, and vocational expert testified that individual with plaintiff's physical limitations would be unable work); Behling v. Colvin, 603 Fed. Appx. 541, 543 (9th Cir. 2015) ("Based on the vocational expert's hearing testimony, who responded that a person with Behling's limitations would be precluded from sustained work activity, there is substantial evidence to support a conclusion that further proceedings are not required to determine Behling's RFC."); Martinez v. Colvin, 585 Fed. Appx. 612, 613 (9th Cir. 2014) ("if Martinez's testimony and Dr. Novak's opinion were properly credited, Martinez would be considered disabled.  We therefore reverse the decision of the district court and remand with instructions to remand to the ALJ for the calculation and award of benefits"); Garrison, 759 F.3d at 1022, n.28 ("Here, the ALJ and counsel posed questions to the VE that matched both Garrison's testimony and the opinions of Wang, Anderson, and General, and in response the VE answered that a person with such an RFC would be unable to work.  On that basis, we can conclude that Garrison is disabled without remanding for further proceedings to determine anew her RFC."); Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 925 (9th Cir. 2002) (remanding for payment of benefits where the ALJ improperly rejected the testimony of the plaintiff's examining physicians); Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994) (awarding benefits where the ALJ "improperly discounted the opinion of the treating physician"); cf. Brown-Hunter v. Colvin, 798 F.3d 749, 759 (9th Cir. 2015) ("Although medical reports of adequate pain control on medication do not foreclose the possibility that Brown-Hunter still needs to lie down as often and as unpredictably as she alleged, they do create a significant factual conflict in the record that should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105

(9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").[5]

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that defendant's motion to alter or amend the judgment (Dkt. No. 19) is denied.

Dated:  October 29, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\holland0233.mtr.den.ord.docx

---

[5] See fn. 4, above.

5